1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY FRANK YARBROUGH,              No. 2:14-cv-1526 AC P (TEMP)

12              Petitioner,

13        v.

14   RAFAEL ZUNIGA, Warden,

15              Respondent.

16

17        Petitioner is a federal prisoner proceeding through counsel with a petition for a writ of

18   habeas corpus under 28 U.S.C. § 2241.  Petitioner challenges the federal Bureau of Prison's

19   decision finding him ineligible for a one year sentence reduction pursuant to 18 U.S.C. §

20   3621(e)(2)(B).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C.

21   § 636(c).

22        A status conference was held in this matter on January 13, 2016, at 10:00 a.m. in the

23   courtroom of the undersigned.  Assistant Federal Defender Carolyn Wiggin appeared for

24   petitioner.  Assistant United States Attorney Christiaan H. Highsmith appeared for respondent.

25   At that hearing, and in his status report, respondent stated that he now agrees petitioner is entitled

26   to the reduction in sentence of up to one year provided by 18 U.S.C. § 3621(e)(2)(B), as long as

27   petitioner successfully completes the third, non-custodial step of the Residential Drug Abuse

28   Treatment Program contemplated by that statute.  Petitioner's sentence computation has been

                                      1

1    revised to show a conditional early release date of January 18, 2019, which reflects a credit for

2    completion of the drug treatment program.  In light of respondent's actions in this regard, the

3    parties are in agreement that this matter is now moot because petitioner has received all of the

4    relief he is requesting in the instant habeas petition.  <u>See</u> <u>Preiser v. Newkirk</u>, 422 U.S. 395, 402

5    (1975) (when the alleged wrongful conduct has ceased and there is no reasonable expectation that

6    the wrong will be repeated, an action to enjoin that wrong is moot).  The court agrees that this

7    action is moot and will dismiss petitioner's habeas petition without prejudice.

8         Accordingly, IT IS ORDERED that petitioner's habeas petition is dismissed as moot.

9    This dismissal is without prejudice to petitioner's right to reinstate this action should he

10   successfully complete the third step of the Residential Drug Abuse Treatment Program and not

11   receive the reduction in his sentence provided by 18 U.S.C. § 3621(e)(2)(B).

12   DATED: January 19, 2016

13

14   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28